

Opinion by Johnson, J. In accordance with stipulation of counsel that the facts are similar to those involved in Abstract 57579, the claim of the plaintiffs was sustained.

**No. 58438.**—Fondeville & Co., Inc. *v.* United States, protests 202102–K, etc. (New York).

Opinion by Johnson, J. In accordance with stipulation of counsel that certain items appearing in schedule "B," attached to and made a part of the decision in this case, consist of china figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 58439.**—Astoria Pan Americana, Inc. *v.* United States, protests 175327–K, etc. (New York).

Opinion by Johnson, J. In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiff was sustained.

**No. 58440.**—Astoria Pan Americana, Inc., et al. *v.* United States, protests 198309–K, etc. (New York).

Opinion by Johnson, J. In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.

**No. 58441.**—Astoria Pan Americana, Inc., and J. J. Boll *v.* United States, protests 205817–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.

**No. 58442.**—General Motors Overseas Operations and Baker, Irons & Dockstader, Inc. *v.* United States, protest 220849–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of 2-watt carbon resistors, composed in chief value of metal, used chiefly as parts of radio apparatus, instruments, or devices, the claim of the plaintiffs was sustained.

**No. 58443.**—J & J Distributing Co. et al. *v.* United States, protests 215792–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, facts, and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that 4 cases of alcoholic beverages from the entry involved in protest No. 215792–K, 6 cases of wine from the entry involved in protest No. 199784–K, and 1 case of alcoholic beverages from the entry involved in protest No. 215822–K, reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, OCTOBER 28, 1954

**No. 58444.**—Draper & Company, Inc. *v.* United States, protests 202406–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable